UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PRINCELLA USHERY,    Case No. 1:13-cv-265

    Plaintiff,    Weber, J.
        Bowman, M.J.

    v.

SUBWAY,

    Defendant.

## REPORT AND RECOMMENDATION

The Court previously issued an order to Plaintiff to show cause for her failure to timely respond to Defendant's motion to dismiss. (Doc. 9) The Order further advised Plaintiff that her complaint would be dismissed if she failed to timely comply with the Show Cause Order. *Id.* To date, Plaintiff has filed no response. For the reasons that follow, the undersigned recommends that plaintiff's complaint be dismissed for lack of prosecution or, in the alternative, that Defendant's motion to dismiss be granted pursuant to Fed.R.Civ.P. 12(b)(6) because Plaintiff's complaint fails to state a cognizable claim for relief.

The record reflects that Defendant filed its motion to dismiss on July 29, 2013; the accompanying Certificate of Service identified that the motion was served upon plaintiff via regular U.S. mail. (Doc. 8). Plaintiff failed to file a response to the motion to dismiss and, on September 5, 2013, the undersigned entered an order for Plaintiff to show cause why the motion to dismiss should not be construed as unopposed and granted for the reasons stated in the motion. (Doc. 9). To date, Plaintiff has not filed a response to the Show Cause Order or to Defendant's motion to dismiss.

Plaintiff's failure to prosecute this matter and to obey an Order of the Court warrants

dismissal of this case pursuant to Fed.R.Civ.P. 41(b). *See Jourdan v. Jabe*, 951 F.2d 108, 109–10 (6th Cir.1991). District courts have the power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). *See also Jourdan*, 951 F.2d at 109. Though plaintiff is proceeding pro se, as stated by the Supreme Court, "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Accordingly, the undersigned recommends that Plaintiff's case be dismissed for want of prosecution and for failure to obey a Court Order.

In the alternative, the undersigned finds that dismissal of Plaintiff's complaint is also warrant under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff's complaint appears to assert claims for employment discrimination in violation of Title VII against Subway, her former employer. Plaintiff's complaint, however, fails to identify the type of discrimination she as allegedly subjected to, the time-frame for such actions, and fails to alleged any specific adverse action taken by Subway. In light of the foregoing, Plaintiff's complaint fails to state a plausible claim for discrimination claim under the standard recently outlined by the United States Supreme Court. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (a complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."). Thus, to survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative

level." *Id.* at 1965.  Plaintiff's complaint fails to do so.

Furthermore, federal courts do not have subject matter jurisdiction to hear Title VII claims if the claims were not included in the EEOC charge or the claims could not reasonably have been expected to grow out of the EEOC charge.  *Strouss v. Mich. Dep't of Corr.*, 250 F.3d 336, 342 (6th Cir.2001).  Here, Plaintiff failed to attach a copy of the charge she filed with the EEOC and/or the Ohio Civil Rights Commission.  As such, the undersigned cannot determine what type of discrimination was alleged in the charge and if she has properly exhausted her administrative remedies.  A failure to exhaust administrative remedies is an appropriate basis for the dismissal of a Title VII or ADA claim. *Williams v. Northwest Airlines,* 53 F. App'x 350, 351 (6th Cir.2002).

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's case be **DISMISSED** for want of prosecution and for failure to obey an Order of the Court or, alternatively, Defendant's motion to dismiss (Doc. 8) be **GRANTED**; and this case be **CLOSED.**

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

3

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

PRINCELLA USHERY,                                   Case No. 1:13-cv-265

      Plaintiff,                                         Weber, J.
                                                         Bowman, M.J.

   v.

SUBWAY,

      Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

4